UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IGNACIO RODRIGUEZ SOTOLONGO,

Petitioner,

v. Case No.: 2:26-cv-02835-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.
_______________________________/

**OPINION AND ORDER**

Before the Court are Ignacio Rodriguez Sotolongo's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 7), and Rodriguez Sotolongo's reply (Doc. 8).

Rodriguez Sotolongo is a native and citizen of Cuba who entered the United States on March 26, 1994. On December 9, 2025, Border Patrol agents arrested Rodriguez Sotolongo and commenced removal proceedings. Immigration Judge Michael Walleisa conducted a custody redetermination hearing on March 6, 2026. He found Rodrigue Sotolongo failed to establish that he does not present a danger to the community and denied bond. Judge Walleisa denied Rodriguez Sotolongo request for a second custody redetermination hearing because there was no material change in circumstances. Immigration Judge Liviu Lungu ordered Rodriguez Sotolongo

removed to Cuba on July 8, 2026. Rodriguez Sotolongo appealed, so the removal order is not administratively final.

Rodriguez Sotolongo argues his continued, prolonged detention violates the Due Process Clause of the Fifth Amendment. In response, the government argues 8 U.S.C. § 1226(e) bars the Court from reviewing an immigration judge's discretionary bond decision. But Rodriguez Sotolongo does not challenge Judge Walleisa's exercise of discretion. Instead, he raises a bona fide due process claim. § 1226(e) does not strip the Court of jurisdiction to consider bona fide constitutional challenges to immigration detention. *See Demore v. Kim*, 538 U.S. 510 (2003). The government also argues Rodriguez Sotolongo failed to exhaust administrative remedies, but that is not true. Judge Wallesia denied his latest request for a custody review, and there is no reason to believe another administrative request would fare any better.

The Court turns to Rodriguez Sotolongo's due process claim. "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (internal quotation marks and citation omitted).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Rodriguez Sotolongo's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. While there is no hard limit on how long a noncitizen can be detained under § 1226(a), the longer the duration of Rodriguez Sotolongo's detention, the greater the deprivation of his right to liberty. In the context of post-removal-order detention under § 1231, the Supreme Court limited the presumptively reasonable period of detention to six months. *Id.* at 701. The Court noted "that Congress previously doubted the constitutionality of detention for more than six months." *Id.*

As the Supreme Court recognized in *Zadvydas*, facts that justify a brief period of detention might not justify a longer period of detention. *See id.* ("as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink"). The fact that Rodriguez Sotolongo's detention now exceeds ten months and could continue indefinitely—the record contains no timetable for a decision from the Board of Immigration Appeals—raises new constitutional concerns. But under the status quo, Rodriguez Sotolongo has no opportunity to address them. The Court sees value in additional safeguards, like a bond hearing in which the government bears the burden of proof. *See Velasco Lopez v. Decker*, 978 F.3d 842, 853 (2d Cir. 2020) (comparing the ease with which the government can gather evidence with the hurdles faced by a noncitizen in prolonged detention).

Third, the government has not established any legitimate interest in continuing to detain Rodriguez Sotolongo without presenting a justification. Remember: Judge Walleisa put the burden on Rodriguez Sotolongo to prove he is not a danger to the community. A bond hearing where the government bears the burden of proof will preserve the two goals of immigration detention—to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community—while accounting for the government's interest "in minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez*, 978 F.3d at 854.

The Court will thus order the respondents to either bring Rodriguez Sotolongo before an immigration judge for another bond hearing within ten days or release him under reasonable conditions of supervision while his removal proceeding is pending. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof to justify continued detention. If the respondents are unable to ensure Rodriguez Sotolongo receives a bond hearing that complies with this Order within ten days, they must release him, but they may impose reasonable terms of supervision.

Accordingly, it is hereby

**ORDERED**:

Ignacio Rodriguez Sotolongo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Rodriguez Sotolongo for an individualized bond hearing before an immigration judge or (2) release Rodriguez Sotolongo under reasonable conditions of supervision. If the respondents release Rodriguez Sotolongo, they must facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida, on October 29, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record