UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IGNACIO RODRIGUEZ SOTOLONGO,

Petitioner,

v. Case No.: 2:26-cv-2835-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

______________________________/

## OPINION AND ORDER

Before the Court are Ignacio Rodriguez Sotolongo's motions to enforce the Court's habeas order (Docs. 11 and 12) and the government's response (Doc. 14).

Rodriguez Sotolongo is a noncitizen in immigration detention. On October 9, 2026, this Court granted his habeas petition and ordered the government to afford him a bond hearing with certain guardrails:

> The Court will thus order the respondents to either bring Rodriguez Sotolongo before an immigration judge for another bond hearing within ten days or release him under reasonable conditions of supervision while his removal proceeding is pending. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof to justify continued detention. If the respondents are unable to ensure Rodriguez Sotolongo receives a bond hearing that complies with this Order within ten days, they must release him, but they may impose reasonable terms of supervision.

(Doc. 9).

On November 3, 2026, Immigration Judge Frank Pimentel denied bond with this order:

> Respondent was initially denied bond on March 6, 2026. That bond order was reaffirmed on May 19, 2026. As the Immigration Judge explained at that time, "[o]n May 7, 2026, the Respondent filed a virtually identical motion for bond. Nothing contained the newly filed bond motion represents a material change in circumstances which affects the court's prior determination." Later still, on July 8, 2026, an Immigration Judge ordered Respondent removed from the United States and, in the process, made an adverse credibility determination against Respondent. Nevertheless, and despite the Supreme Court's admonition, "When 'foreigners who have never been naturalized, nor acquired any domicil or residence within the United States, nor even been admitted into the country pursuant to law' interact with those procedures, 'the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law.' DHS v. Thuraissigiam, 591 U.S. 103, 138 (2020) (quoting Nishimura Ekiu v. United States, 142 U.S. 651, 660 (1892))," the U.S. District Court for the Middle District of Florida somehow concluded that Respondent had not received due process and, therefore, ordered a third bond redetermination hearing. This Court reluctantly, though necessarily, complies.
>
> No evidence submitted to this Court raises any prospect that Respondent's order of removal will be vacated or his removal case otherwise remanded by the Board of Immigration Appeals. Accordingly, Matter of A-L-S-, 29 l&N Dec. 794 (BIA 2026), and its progeny virtually compel this Court conclude that Respondent is a flight risk.

(Doc. 14-1 at 44).

Rodriguez Sotolongo argues the bond hearing did not comply with the Court's order, and the Court agrees. Judge Pimentel's order shows he did not consider the *Guerra* factors or put the burden of proof on the government. Instead, he felt "virtually compel[led]" to deny release on bond because

Rodriguez-Sotolongo did not prove the appeal of his removal order would be successful.

Ironically, the single case that compelled Judge Pimentel to deny bond—*Matter of A-L-S-*, 29 I&N Dec. 794 (BIA 2026)—provides further support that limiting review to the merits of Rodriguez Sotolongo's removal appeal was insufficient. In *Matter of A-L-S-*, the BIA vacated a bond decision because the immigration judge only considered the noncitizen's pending application for immigration relief. The BIA instructed the immigration judge to assess "flight risk based on the totality of the record, including the existence and substance of any applications for relief, objective evidence relating to the respondent's claimed family relationships and equities, and the extent to which any asserted forms of relief meaningfully bear on the respondent's likelihood of attendance at future proceedings and compliance with future orders." *Matter of A-L-S-*, 29 I&N at 798.

Judge Pimentel decided he could not grant Rodriguez Sotolongo's request for release on bond based on his understanding of *Matter of A-L-S*. That is his prerogative as an immigration judge. This Court is obliged to ensure compliance with its orders and that the parties before it are afforded the rights guaranteed by the Constitution. Because Rodriguez Sotolongo did not receive a bond hearing that complied with the Court's order, he is entitled to the alternative relief—release from custody. Accordingly, Rodriguez Sotolongo's

motions (Docs. 11 and 12) are **granted**. The respondents shall release Rodriguez Sotolongo within 12 hours of this Order and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

**DONE and ORDERED** in Fort Myers, Florida on November 5, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record